IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KEN E. BEASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 04-2853 Ml/P |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment, filed December 2, 2004. Plaintiff responded in opposition on January 3, 2005. Defendant filed a reply on February 3, 2005. Plaintiff filed a response to Defendant's reply on February 15, 2005.[1] For the following reasons, Defendant's motion is DENIED.

## I. BACKGROUND AND RELEVANT FACTS

The instant case arises out of an insurance claim filed by Plaintiff Ken E. Beasley regarding damage to his home at 115 East Parkway Avenue North in Memphis, Tennessee. The damage was caused by a storm that occurred on July 22, 2003. Plaintiff acquired a homeowner's insurance policy from Defendant State Farm Fire and Casualty Company that was in effect at the time of the storm.

---

[1] Plaintiff is hereby granted leave to file his response to Defendant's reply brief.



After the storm, Plaintiff and Defendant received divergent estimates regarding the cost of the repairs to Plaintiff's home. Plaintiff submitted to Defendant an estimate of $355,761.60. From the date of the storm until April 6, 2004, Defendant paid a total of $293,040.40 to Plaintiff for repairs, based upon a lower estimate from a different construction company. On April 6, 2004, Defendant made its final payment to Plaintiff for repair costs to his home, in the amount of $40,577.85. On May 17, 2004, Defendant sent Plaintiff a letter stating "[t]he draft in the amount of $40,577.85 is State Farm's final offer in terms of settling the construction aspect of the claim." (Aff. of Elmickyo Duncan ("Duncan Aff."), Ex. D.) On June 8, 2004, Plaintiff's attorney sent Defendant a formal demand for payment in amount of the difference in the estimates, noting Plaintiff's intent to proceed with litigation if the payment was not made. (Duncan Aff., Ex. E.) On October 6, 2004, Plaintiff filed suit against Defendant.

Plaintiff's insurance policy requires any suit regarding the policy to be brought within one year after the date of loss or damage.[2] The policy also requires that any loss is payable 60

---

[2] Plaintiff's policy provides, in relevant part:
    Suit Against Us.  No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.
(Def.'s Mot. for Summ. J., Ex. 1 at 14.)

2

days after the receipt of proof of loss and upon the agreement of the parties.[3]

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir.

---

[3] Plaintiff's policy provides, in relevant part:
>Loss Payment. We will adjust losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:
>a. reach agreement with you;
>b. there is an entry of a final judgment; or
>c. there is a filing of an appraisal award with us.

(Def.'s Mot. for Summ. J., Ex. 1 at 14.)

3

1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

## III. ANALYSIS

Defendant contends that Plaintiff's suit is barred by the one year statute of limitations in Plaintiff's insurance policy. Plaintiff contends that his action was either timely under the policy or that Defendant has waived the enforcement of the limitations period.

Numerous Tennessee courts have construed insurance limitations provisions similar to the one found in Plaintiff's insurance policy. The general rule in interpreting such provisions is that "[t]he limitation begins to be effective from

4

the time the right of action accrues, notwithstanding the expression 'after the [loss].'" Das v. State Farm Fire and Cas. Co., 713 S.W.2d 318, 323 (1986)(quoting Phoenix Ins. Co. v. Fidelity & Deposit Ins. Co., 37 S.W.2d 119, 120 (1931)); See also Hill v. Home Ins. Co., 125 S.W.2d 189, 192 (1938); Boston Marine Ins. Co. v. Scales, 49 S.W. 743, 747 (1899). A plaintiff's cause of action accrues when the insurer denies liability. Das, 713 S.W.2d at 323.

Here, it is undisputed that, from the date of the storm until April 6, 2004, Defendant made payments to Plaintiff totaling $293,040.40. The Court finds that Defendant denied further liability under the policy on May 17, 2004, when Defendant informed Plaintiff that its $40,577.85 check was its "final offer in terms of settling the construction aspect of the claim." Accordingly, Plaintiff's cause of action accrued on May 17, 2004.[4] Plaintiff filed his suit on October 6, 2004, less than one year from May 17, 2004. Plaintiff's suit was therefore timely under the policy.

---

[4] Moreover, under the "Loss Payment" provision of Plaintiff's policy, "[l]oss [becomes] payable 60 days after we receive your proof of loss and ... reach agreement with you." In the instant case, the parties were unable to reach agreement regarding the cost of the repairs to Plaintiff's home. Accordingly, the claim became "payable" and the right to sue accrued when Defendant denied further liability. See Das, 713 S.W.2d at 323 (finding claim that was disputed by parties did not become "payable" under identical provision and that right to sue accrued when insurer denied liability).

5

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED.

So ORDERED this 24th day of May, 2005.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:04-CV-02853 was distributed by fax, mail, or direct printing on May 24, 2005 to the parties listed.

---

Elizabeth B. Stengel
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Joseph T. Getz
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

M.E. Buck Dougherty
LESS GETZ & LIPMAN, PLLC
100 Peabody Place
Suite 1000
Memphis, TN 38103

Antonio L. Matthews
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

George T. Lewis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT